IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | |
|---|---|
| GARY LEE OLIVER, | ) **MEMORANDUM DECISION &** |
| | ) **DISMISSAL ORDER** |
|     Petitioner, | ) |
| | ) Case No. 2:07-CV-720 TS |
| v. | ) |
| | ) District Judge Ted Stewart |
| STATE OF UTAH, | ) |
| | ) |
|     Respondent. | ) |

_____

Petitioner, Gary Lee Oliver, petitions for habeas corpus relief.[1] The Court denies the petition as untimely filed.

Because Petitioner's conviction became final before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner had to file his federal habeas petition within one year of April 24, 1996, adding any time tolled by statute or equitable grounds.[2] By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3]

Meanwhile, equitable tolling is available "'in rare and exceptional circumstances.'"[4] Those circumstances include

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000).

[3] 28 *id.* § 2244(d)(2).

[4] *Gibson*, 232 F.3d at 808 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

situations "when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[5]

The chronology of Petitioner's litigation shows the untimeliness of his petition. On April 24, 1996, the clock began running on Petitioner's right to bring a federal habeas petition. Because he filed no direct appeals or state post-conviction applications within the next year, Petitioner's time to file in federal court ran out on April 24, 1997. Petitioner states that in 2002 he filed a state application for post-conviction-relief. However, this application, which was denied, was not filed in time to toll the federal period of limitation. After all, "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"[6] So, statutory tolling does not apply here.

Though Petitioner's habeas deadline in this Court was April 24, 1997, he did not file his petition until more than ten years later, on September 26, 2007. Nonetheless, Petitioner asserts

---

[5]*Id.*

[6]*Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

2

grounds for equitable tolling. He states both that he was not aware of his rights and that he is actually innocent.

First, as to Petitioner's lack of awareness, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[7] In other words, lack of awareness does not qualify as an extraordinary circumstance.

Second, Petitioner's assertion of actual innocence is based on a restatement of some of the substantive claims in his petition (e.g., the involuntary nature of his guilty plea). This does nothing to further his argument that the Court should disregard the period of limitation's expiration. The kernel of the Court's analysis regarding equitable tolling is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner personally did everything he could to ensure this federal petition was timely filed. His arguments do not show this kind of self-directed tenacity.

Intertwined with this, "Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been

---

[7] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

prevented from filing a timely petition due to extraordinary circumstances."[8] The record here does not bear out such diligence. Regardless of the merits of his claims, Petitioner has simply not explained any efforts he made from January 20, 1995 to September 25, 2007 to observe his federal habeas rights. This lack of diligence alone is enough to persuade the Court to refuse Petitioner's quest for application of the actual-innocence doctrine. In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Accordingly, the current petition before the Court was filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that Petitioner's petition is DENIED as untimely.[9] This case is CLOSED.

DATED this 27th day of May, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *York v. Jordan*, No. 05-CV-021-JHP-FHM, 2006 U.S. Dist. LEXIS 17323, at *7 (N.D. Okla. Mar. 23, 2006) (citation omitted); *see also Thompson v. Simmons*, No. 98-3270, 1999 U.S. App. LEXIS 10999, at *4 (10th Cir. May 28, 1999) (unpublished) ("While we have intimated actual innocence may be grounds for equitable tolling under § 2244(d)(1), we have emphasized that prisoners must diligently pursue their claims to avail themselves of equitable tolling.").

[9] *See* 28 U.S.C.S. § 2244(d) (2010).